IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICKY DALE FORD | § | |
| VS. | § | CIVIL ACTION NO. 1:16-cv-129 |
| EVAN SAM, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Ricky Dale Ford, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit against Evan Sam and Anita Breaux. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff alleges Defendant Sam used excessive force against him and that Defendant Breaux: (1) denied him property; (2) denied him access to the courts; (3) retaliated against him and (4) destroyed or stole his property. This Report and Recommendation considers the denial of access to court claim and the retaliation claim against Defendant Breaux.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint may be

dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Analysis

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before a federal lawsuit is filed. *See Porter v. Nussle*, 534 U.S. 516, 525 (2001). The statutory exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id*. at 532. In addition, prisoners are required to exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The United States Court of Appeals for the Fifth Circuit has taken a strict approach to exhaustion. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). "Nothing in the Prison Litigation Reform Act . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing [a] complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The Texas Department of Criminal Justice, Correctional Institutions Division, has a two-step grievance procedure which is available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). The prisoner must pursue the grievance through both steps of the procedure for his claim to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

In an Amended Supplemental Complaint (Doc. #16), Plaintiff states he exhausted his administrative remedies with respect to the claim involving property. However, he states that at the time he filed the Amended Supplemental Complaint, grievances regarding the retaliation and denial of access to courts claims were sill being processed.

Inmates are required to exhaust administrative remedies prior to asserting their claims. *Gonzalez*, 702 F.3d at 788. Plaintiff admits he failed to exhaust his administrative remedies prior to asserting his denial of access to courts and retaliation claims.[1] As a result, these claims should be dismissed for failure to state a claim upon which relief may be granted.

Recommendation

The retaliation and denial of access to courts claims against Defendant Breaux should be dismissed for failure to state a claim upon which relief may be granted.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th

---

[1] Claims asserted in an amended pleading that arose after a case was filed need not be exhausted as of the date on which the case was originally filed. *Smith v. Olsen*, 455 F. App'x 513, 516 (5th Cir. (2011). However, Plaintiff admits his retaliation and denial of access to courts claims were not exhausted as of the date they were asserted in the Amended Supplemental Complaint.

Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 19th day of April, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE