IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICKY DALE FORD | § | |
| VS. | § | CIVIL ACTION NO. 1:16-cv-129 |
| EVAN SAM, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Ricky Dale Ford, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Evan Sam and Anita Breaux.  Plaintiff alleges Defendant Sam used excessive force against him.  He alleges Defendant Breaux: (1) denied him property; (2) denied him access to the courts; (3) retaliated against him and (4) destroyed or stole his property. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant Breaux has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. #28.)  Plaintiff filed a response opposing the motion.  (Doc. #30.)  The motion is therefore ripe for consideration.  The undersigned has submitted a Report and Recommendation of United States recommending that the retaliation and denial of access to courts claims against Defendant Breaux be dismissed.  (Doc. #77.)  As a result, this Report and Recommendation only considers the claim involving property.

Factual Allegations

In an Amended Supplemental Complaint (doc. #9.), Plaintiff alleges that on March 29, 2016, his property was packed because he was being moved to a different cell.  His property was sorted so that he could be given some hygiene items.  The remaining items were given to Defendant Breaux, a property officer, for storage.

Plaintiff asserts prison policy required Defendant Breaux to return his property within 10 days.  In addition, he states that on April 11 or 12, Lieutenant Jessup gave Defendant Breaux a

written order directing her to return Plaintiff's property. Defendant Breaux refused to obey the order. On April 15, a Friday, Defendant Breaux told Plaintiff she would return his property. Plaintiff states this was a lie as Defendant Breaux knew she would be out of her office the following week for in-service training. Plaintiff finally received some of his property on July 15, more than 90 days after she was ordered to return the property. Defendant Breaux did not provide Plaintiff with a property inventory form and stole or destroyed legal materials and personal items.

## The Motion to Dismiss

Defendant Breaux asserts the defense of qualified immunity. She states Plaintiff's allegations fail to state a claim for deprivation of property because Texas law provides an adequate post-deprivation remedy.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Evaluating qualified immunity is a two-step process, with the plaintiff bearing the

burden of showing that the defendant is not entitled to immunity. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). First, the court must determine whether a plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. 736. Then, if a constitutional right was violated, the court must determine whether the right was clearly established at the time of the violation. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). A specific right is clearly established only if its contours "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000).

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the defense is not valid. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*). In the context of a motion to dismiss for failure to state a claim, the plaintiff's burden is discharged if "the plaintiff''s pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

*Deprivation of Property*

Deprivations of property by prison officials, whether intentional or as a result of negligence, do not violate the Due Process Clause of the Fifth Amendment so long as an adequate post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivations of property); *Parratt v. Taylor*, 451 U.S. 527, 542-44 (1981) (negligent deprivations of property). However, post-deprivation remedies "do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action." *Hudson*, 468 U.S. at 532.

Plaintiff alleges Defendant Breaux violated prison policy when she refused to return his property within 10 days. He states she also disobeyed an order directing her to return his property. As a result, Plaintiff is not alleging Defendant Breaux was acting according to state procedure when she failed to return his property. Plaintiff's right not to be deprived of property without due process

3

of law was therefore not violated because the Texas tort of conversion provides an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

Plaintiff's allegations regarding his deprivation of property claim against Defendant Breaux fail to establish a constitutional violation. Defendant Breaux is therefore entitled to qualified immunity and her motion to dismiss should be granted.

## Recommendation

The motion to dismiss should be granted with respect to the claim involving deprivation of property.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 20th day of April, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE