| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

RICKY DALE FORD, §
§
    Plaintiff, §
§
versus §   CIVIL ACTION NO. 1:16-CV-129
§
ANITA BREAUX, §
§
    Defendant. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ricky Dale Ford, an inmate at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit against Anita Breaux.[1] The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court.

The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending plaintiff's claims of denial of access to the court and retaliation be dismissed for failure to state a claim upon which relief may be granted. The magistrate judge has submitted a separate Report and Recommendation recommending that a motion to dismiss concerning the deprivation of property claim against the defendant be granted.

The court has received the Reports, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the Reports. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The magistrate judge's recommendation regarding the access to courts and retaliation claims were based on her conclusion that plaintiff did not exhaust his administrative remedies before asserting these claims. Plaintiff raised these claims in an Amended Supplemental Complaint (#9). In this filing, plaintiff stated his grievances regarding these claims were still being processed. In his objections, plaintiff states that at the time he filed his Amended Supplemental

---

[1] Plaintiff also named Evan Sam as a defendant. The claim against defendant Sam has been severed into a separate lawsuit.

Complaint he had not had time to complete the exhaustion process. He states in conclusory fashion that steps were taken to delay the completion of the exhaustion process. However, as the magistrate judge stated, the exhaustion process must be completed before claims are asserted in court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Moreover, plaintiff's conclusory allegations regarding interference with the processing of his grievances are not sufficient to show cause for excusing the requirement of prior exhaustion. Plaintiff's objections with respect to the access to courts and retaliation claims are therefore without merit.

Regarding his property claim, plaintiff objects to the magistrate judge's statement that he had an adequate post-deprivation remedy regarding the defendant's alleged failure to return his property.[2] However, the authorities cited by the magistrate judge establish that the Texas tort law remedy of conversion provides an adequate post-deprivation remedy.

## ORDER

Accordingly, the objections filed by plaintiff (#s 83, 85 and 86) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the Reports of the magistrate judge (#s 77 and 78) are **ADOPTED**. The motion to dismiss (#28) is **GRANTED**. A final judgment shall be entered dismissing this lawsuit.

SIGNED at Beaumont, Texas, this 26th day of May, 2022.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[2] Deprivations of property by prison officials do not state a violation of the Constitution so long as an adequate post-deprivation remedy exists. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).